**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REY DAVID CABRERA-PUAC, AKA
David Cabrera, AKA Rey David Cabrera,
AKA Cabrera David Estrada,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-70904

Agency No. A206-407-210

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2022[**]

Before:    SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

Rey David Cabrera-Puac, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Cabrera-Puac failed to demonstrate past persecution or a clear probability of future persecution on account of a protected ground.[2] *See, e.g.*, *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive.") (citation and internal quotation marks omitted); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Cabrera-Puac's withholding of removal claim fails.

---

[1] Cabrera-Puac does not challenge the agency's denial of his asylum application as untimely.

[2] Because Cabrera-Puac's failure to demonstrate a nexus to a protected ground is dispositive, we do not reach his argument that he belongs to a cognizable particular social group. "As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (internal citation omitted).

Substantial evidence supports the agency's denial of CAT protection because Cabrera-Puac failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**